UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------×
NICHOLAS PACKER,

             *Plaintiff,*                        19 CV 9328

      *v.*

                                                **COMPLAINT**

THE CREDIT PROS INTERNATIONAL CORPORATION,

            *Defendant.*
------------------------------------------------------------------------×

      Plaintiff Nicholas Packer, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant The Credit Pros International Corporation ("The Credit Pros") as follows:

## PRELIMINARY STATEMENT

      1.      On August 13, 2018, over a year after he started working for The Credit Pros, Mr. Packer's kidneys suddenly failed, requiring him to go to the emergency room and to be put on dialysis.  Mr. Packer immediately informed The Credit Pros of his renal failure, and was instructed by its Human Resources Department to take medical leave under the Family and Medical Leave Act ("FMLA").  On September 19, 2018—in response to Mr. Packer's request to take FMLA leave—The Credit Pros terminated Mr. Packer for "excessive absences."  Mr. Packer had never taken leave, and the only "absences" he accrued were due to his recent kidney failure.

      2.      Plaintiff seeks damages and costs against Defendant for interfering with his rights under the FMLA, in violation of the FMLA, 29 U.S.C. §§ 2601 *et seq.*

      3.      Plaintiff also seeks damages and costs against Defendant for retaliating against him for seeking FMLA leave by terminating his employment, in violation of the FMLA.

4. Plaintiff also seeks damages and costs against Defendant for discriminating against him due to his disability (kidney failure) by terminating his employment, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12 *et seq*.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the FMLA.

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NJLAD claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

   a. Plaintiff Packer is a citizen of the State of New York, as he is domiciled in the State of New York.

   b. Upon information and belief, Defendant The Credit Pros is a citizen of the State of New Jersey, as it is a corporation organized under the laws of the State of New Jersey, and a citizen of the State of New Jersey, as its headquarters are located in the State of New Jersey.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of New Jersey, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

9. Plaintiff respectfully requests a trial before a jury.

## PARTIES

10. Plaintiff Packer, at all times relevant hereto, was and is a resident of Bronx County in the State of New York.

11. Upon information and belief, at all times relevant hereto, Defendant The Credit Pros was and is a foreign business corporation organized under the laws of the State of New Jersey with its principal place of business located at 60 Park Place, Suite 306, Newark, New Jersey 07102.

## COVERAGE UNDER THE FMLA

12. To be eligible under the FMLA, an employer must be engaged in commerce, or in any industry or activity affecting commerce, and employ 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

13. To be eligible for leave under the FMLA, an employee must have been employed (i) for at least 12 months by the employer, and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period.

14. At all relevant times, Defendant The Credit Pros was an enterprise engaged in commerce and had employed more than 50 individuals in the preceding calendar year.

15. At all relevant times, Plaintiff Packer had been employed at The Credit Pros for over 12 months and had worked at least 1,250 hours for The Credit Pros in the previous 12-month period.

16. Mr. Packer's kidney failure constituted a qualifying event under the FMLA.

17. As an eligible employee, Mr. Packer was therefore entitled under the FMLA to 12 work weeks of leave.

## STATEMENT OF FACTS

18. On June 10, 2017, Defendant The Credit Pros hired Plaintiff Packer as a Retention and Resolution Specialist, tasking him with answering and managing phone inquiries, providing customer service in English, Spanish and French, and collecting unpaid funds.

19. Throughout his employment at The Credit Pros, Mr. Packer was a dedicated employee who consistently fulfilled his job responsibilities.

20. On August 13, 2018, Mr. Packer's kidneys suddenly failed, requiring him to go to the emergency room.

21. Mr. Packer was put on dialysis.

22. On August 16, 2018, Mr. Packer emailed The Credit Pros to inform them that he had been hospitalized suddenly for renal failure.

23. Mr. Packer then called the human resources department and spoke with the Human Resources Manager, Jumana Allatifeh, to inform The Credit Pros of his serious health condition and to ask what he needed to do to keep his job.

24. Mr. Allatifeh informed Mr. Packer to take medical leave under the FMLA, as he was using up his sick days.

25. On September 17, 2018, Mr. Packer sent his completed FMLA forms to ADP TotalSource—the human resource management company to which The Credit Pros delegated its human resources functions.

26. In response, on September 19, 2018, the Mr. Allatifeh, and Mr. Packer's Direct Supervisor, Yashary Mack, terminated Mr. Packer's employment for "excessive absences."

27. Mr. Packer's only absences were from his recent kidney failure.

28. Shocked and worried that perhaps he had made a mistake, Mr. Packer called and spoke to a representative from Automatic Data Processing ("ADP") TotalSource, who confirmed that Mr. Packer and turned in all of his FMLA paper work in a timely manner and that there were no administrative issues with his request.

29. In reality, The Credit Pros terminated Mr. Packer for requesting medical leave under the FMLA and because of his disability.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Interference in Violation of the FMLA

30. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

31. The FMLA prohibits an employer from denying or otherwise interfering with an employee's rights under the FMLA.

32. At all relevant times, Plaintiff was an eligible employee within the meaning of the FMLA, and Defendant was an employer as defined in the FMLA.

33. Plaintiff was entitled under the FMLA to 12 workweeks of leave due to his serious health condition.

34. Plaintiff gave notice to Defendant of his serious health condition and his intention to take leave.

35. Defendant sent Plaintiff paperwork to complete for acquiring leave, which Plaintiff completed.

36. Around the time Plaintiff's leave began, Defendant terminated Plaintiff's employment.

37. Plaintiff's termination prevented him from exercising his right to take leave, under the FMLA.

38. As such, Defendant has violated the FMLA.

39. As a direct and proximate consequence of Defendant's FMLA interference, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and liquidated damages, all in amounts to be determined at trial.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of the FMLA

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The FMLA prohibits an employer from retaliating against an employee for exercising, or attempting to exercise, their rights under the FMLA.

42. Defendant retaliated against Plaintiff for exercising his rights under the FMLA by terminating his employment, because he sought and/or took FMLA leave.

43. As such, Defendant has violated the FMLA.

44. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and liquidated damages, all in amounts to be determined at the hearing of this action.

## THIRD CAUSE OF ACTION
### Unlawful Termination in Violation of the NJLAD

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. The NJLAD prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of disability.

47.     Defendant violated the NJLAD when it terminated Plaintiff's employment based on his disability.

48.     As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

49.     Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, economic loss, liquidated damages, attorney's fees, costs, and disbursements, and damages to be determined at trial;

B. For the second cause of action, economic loss, liquidated damages, attorney's fees, costs, and disbursements, and damages to be determined at trial;

C. For the third cause of action, economic loss, emotional distress damages, punitive damages, attorney's fees, costs, and disbursements, and damages to be determined at trial; and

D. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 5, 2019

By: /s Edgar M. Rivera
Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
381 Park Avenue South, Suite 1220
New York, NY 10016
T: (212) 425-2600
E: wharman@theharmanfirm.com
E: erivera@theharmanfirm.com

*Attorneys for Plaintiff*